IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Eric Emmanuel Canty, | Case No.: 4:24-cv-1004-JD-TER |
| Plaintiff, | |
| vs. | |
| Horry County, Horry County Sheriff, Myrtle Beach Police Department, | **ORDER AND OPINION** |
| Defendants. | |

This matter is before the Court with the Report and Recommendation ("Report") of United States Magistrate Judge Thomas E. Rogers, III, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) of the District of South Carolina.[1] (DE 19.) Plaintiff Eric Emmanuel Canty, ("Plaintiff" or "Canty"), proceeding *pro se* and *in forma pauperis*, brings this action against Defendants Horry County, Horry County Sheriff, and Myrtle Beach Police Department (collectively "Defendants"), alleging he was arrested and was not read his rights. (DE 14, p. 5.) Plaintiff further alleges he was given the wrong medication for months, and it harmed his stomach lining, and that he has generally been refused proper medical care. (*Id* at 6.)

On March 27, 2024, Plaintiff was ordered by the Court to file an Amended Complaint because deficiencies in the original Complaint would result in summary dismissal if not remedied. (DE 11.) The court expressly identified the deficiencies and directed Plaintiff to case law regarding

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

the specific deficiencies. (*Id*.) Plaintiff filed an Amended Complaint and changed some of the named Defendants, but the deficiencies remain.

The Report was issued on April 10, 2024, recommending that Plaintiff's case be dismissed with prejudice for failure to state a claim upon which relief can be granted. Plaintiff did not file an objection to the Report.[2] In the absence of objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). The Court must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

Accordingly, after a thorough review of the Report and Recommendation and the record in this case, the Court finds no clear error on the face of the record. Thus, the Court adopts the Report (DE 19) and incorporates it here by reference.

It is, therefore, **ORDERED** that Plaintiff's case is dismissed with prejudice and without issuance and service of process.

**IT IS SO ORDERED**.

Joseph Dawson, III
United States District Judge

Florence, South Carolina
August 12, 2024

---

[2] Although objections to the Report were due on or around April 27, 2024, Plaintiff moved for an extension of time to file objections (DE 23) to the Report, for which the Court allowed Plaintiff until July 9, 2024, to file objections (DE 25). Thereafter, on June 17, 2024, and July 8, 2024, Plaintiff submitted letters regarding "misplaced paperwork" (DE 27) and outlining his legal claims (DE 28), neither of which objects to the Report.

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order within thirty (30) days from this date under Rules 3 and 4 of the Federal Rules of Appellate Procedure.

4:24-cv-01004-JD     Date Filed 08/12/24     Entry Number 31     Page 3 of 3